# CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| ROBERT A. ALESSI | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | BRIAN T. MARKLEY | DARREN SILVER |
| ANIRUDH BANSAL | JASON M. HALL | ——— | MEGHAN N. McDERMOTT | JOSIAH M. SLOTNICK |
| DAVID L. BARASH | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | NOLA B. HELLER | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | ROSS E. STURMAN |
| BRADLEY J. BONDI | CRAIG M. HOROWITZ | (202) 862-8900 | MICHAEL J. OHLER | SUSANNA M. SUH |
| BROCKTON B. BOSSON | DOUGLAS S. HOROWITZ | | DAVID R. OWEN | ANTHONY K. TAMA |
| JAMES J. CLARK | TIMOTHY B. HOWELL | CAHILL GORDON & REINDEL (UK) LLP | JOHN PAPACHRISTOS | JONATHAN D. THIER |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | 24 MONUMENT STREET | LUIS R. PENALVER | SEAN P. TONOLLI |
| AYANO K. CREED | ELAI KATZ | LONDON EC3R 8AJ | KIMBERLY PETILLO-DÉCOSSARD | JOHN A. TRIPODORO |
| SEAN M. DAVIS | BRIAN S. KELLEHER | +44 (0) 20 7920 9800 | SHEILA C. RAMESH | GLENN J. WALDRIP, JR. |
| STUART G. DOWNING | RICHARD KELLY | ——— | MICHAEL W. REDDY | HERBERT S. WASHER |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | OLEG REZZY | MICHAEL B. WEISS |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | WRITER'S DIRECT NUMBER | JAMES ROBINSON | DAVID WISHENGRAD |
| JENNIFER B. EZRING | TED B. LACEY | | THORN ROSENTHAL | COREY WRIGHT |
| HELENA S. FRANCESCHI | MARC R. LASHBROOK | | TAMMY L. ROY | JOSHUA M. ZELIG |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| JONATHAN J. FRANKEL | JOEL H. LEVITIN | | | |

(202) 862-8910

July 16, 2019

Re: *CVI Investments, Inc.* v. *Steven M. Mariano*, No. 19-cv-2960[1] and
*CVI Investments, Inc.* v. *Patriot National, Inc.*, No. 1:16-cv-2787—
<u>Opposition to CVII's Defective Request for a Rule 37.2 Conference and Order to Compel</u>

Dear Judge Daniels:

        I write on behalf of Peter Kravitz, Litigation Trustee for the PNI Litigation Trust, as successor-in-interest to Patriot National, Inc. ("Patriot" or the "Company") regarding CVII's July 9, 2019 letter to the Court (the "CVII Letter") in which CVII purported to join—and added an additional argument to—Hudson Bay's July 3, 2019 Letter-Motion Requesting Rule 37.2 Conference and Order to Compel (the "Motion"). As an initial matter, the CVII Letter does nothing to address, much less correct, the procedural and substantive defects identified in the Litigation Trustee's July 5, 2019 letter to the Court.[2] Additionally, CVII's new argument, that Patriot has waived its privilege over any and all communications with its former counsel by virtue of a legal malpractice action alleging fraudulent billing (the "Malpractice Action"), has no merit in law or fact. CVII's Letter only underscores the frivolity of the Motion.

        CVII broadly seeks to strip Patriot's privilege over "any communications" the Company has had with its former litigation counsel, Kasowitz Benson Torres LLP ("Kasowitz"). *See* CVII Letter at 3. The purported basis for CVII's request is Patriot's "suit" against Kasowitz, which alleges fraudulent billings. *Id.* at 2. However, CVII fails to demonstrate that Patriot made any "self-serving, selective disclosure of any protected material" in connection with its

---

[1] Neither Patriot National, Inc., nor Mr. Kravitz, has been named in this matter or served with any other papers or subpoenas in this action. Mr. Kravitz appears solely to respond to CVII's letter motion.

[2] For example, neither Hudson Bay, nor CVII, has yet to serve a subpoena upon Mr. Kravitz. CVII's position in this regard is even more tenuous than Hudson Bay's since CVII has never discussed with the undersigned counsel to Mr. Kravitz the scope of any contemplated production or participated in any discussions that even charitably could be viewed as satisfying the meet-and-confer requirement. No dispute currently exists for the Court to resolve. The Court should dismiss the Motion as premature pending service of a subpoena upon Mr. Kravitz.

Malpractice Action. *Deutsche Bank Trust Co. of Americas* v. *Tri-Links Investment Trust*, 43 A.D.3d 56, 65 (1st Dept. 2007). The only documents CVII identifies as having been disclosed are "redacted Kasowitz bills"—which confirm that Patriot took steps to maintain the privilege— a transcript from a hearing in open court on Kasowitz's motion to dismiss the Malpractice Action, and Kasowtiz's publicly filed answer to the complaint in the Malpractice Action. *See* CVII Letter at 1-2. The CVII Letter therefore falls well short of establishing that the Malpractice Action will result in the disclosure of any privileged communications.[3]

To the extent CVII proposes that Patriot has put "its decision not to honor the warrants" at issue in the Malpractice Action, that suggestion is flatly wrong. The Malpractice Action concerns allegations that Kasowitz fraudulently over-billed the Company. Such allegations are insufficient to effectuate a blanket privilege waiver. *See Windsor Securities, LLC* v. *Arent Fox LLP*, 273 F. Supp. 3d 512, 524–25 (S.D.N.Y. 2017) ("The need to determine the reasonableness of the amounts plaintiff spent on litigation does not place at issue the legal advice plaintiff received from its attorneys in that litigation, those attorneys' work product, or their private mental impressions, conclusions, opinions or legal theories.") (citation and internal quotation marks omitted). The Malpractice Action is devoid of allegations concerning the substantive advice relied on by Patriot in making the decision not to honor the warrants or any other Company decision. *Id.* at 512 ("For an at-issue waiver to occur, a party must rely on privileged advice from his counsel to make his claim or defense.").

Furthermore, whether privileged communications "might be useful" to Kasowitz's defenses or are "relevant to the issues being litigated" does nothing to suggest that Patriot has made an at-issue waiver. *Leviton Manufacturing Co., Inc.* v. *Greenberg Traurig LLP*, 2010 WL 4983183, at *4-7 (S.D.N.Y, Dec. 6, 2010) ("Like the Second Circuit, New York courts will not find an at issue waiver merely because privileged information is relevant to the issues being litigated; rather, at issue waiver occurs when the party has asserted a claim or defense that he intends to prove by use of the privileged materials, or, where rather than being merely relevant, the privileged documents are indispensable to a party's claims or defenses.") (citation and internal quotation marks omitted). Therefore, even to the extent CVII suggests that privileged communications relating to a FINRA investigation into Patriot are relevant to Kasowitz's defenses in the Malpractice Action (CVII Letter at 2), those communications are nonetheless not "at issue", and Patriot has therefore not waived them. *See HSH Nordbank AG New York Branch* v. *Swerdlow*, 259 F.R.D. 64, 74 n.14 (S.D.N.Y. July 24, 2009) ("The 'at issue' doctrine relates to issues that the party asserting privilege puts at issue, not to issues raised by that party's adversary."); *Koch* v. *Sheresky, Aronson & Mayefsky LLP*, 943 N.Y.S.2d 792, 33 Misc. 3d 1228(A) (N.Y. Sup. Ct. 2011) ("That a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the

---

[3] In any event, and as explained in Mr. Kravitz's letter in the *Hudson Bay* litigation, all privileges and protections from disclosure were transferred to and have vested in the Litigation Trust. *Hudson Bay Master Fund Ltd.* v. *Patriot National, Inc. et al.* (No. 16-cv-2767), Litigation Trustee's Letter to the Court Regarding Hudson Bay's Defective Request for a Rule 37.2 Conference and Order to Compel (July 5, 2019) [ECF No. 350] at 1 n.1. Accordingly, any actions or claims by Patriot (as opposed to the Litigation Trustee) cannot waive the privilege.

privileged communication itself at issue in the lawsuit; if that were the case, a privilege would have little effect. Rather, 'at issue' waiver occurs when the party has asserted a claim or defense that he intends to prove by use of the privileged materials.") (citation and internal quotation marks omitted).[4]

    CVII's Letter amounts to nothing more than a suggestion that all legal malpractice actions necessarily result in a total waiver of the former client's protected communications with its former counsel. The dangerous scenario CVII envisions is thankfully not the law in New York or this District. *Leviton Manufacturing,* 2010 WL 4983183, at *4 ("The New York Court of Appeals has adopted the Second Circuit's view that to what extent waiver has occurred is inherently factual and turns on case-by-case considerations of fairness.") (citation and internal quotation marks omitted). Here, CVII has not demonstrated that Patriot waived the privilege over its communications with Kasowitz by bringing the Malpractice Action.

    The Motion should be denied.

                      Respectfully submitted,

                      /s/ Bradley J. Bondi

                      Bradley J. Bond

---

[4]  CVII's failure to cite any cases finding the privilege waived where, as here, a party merely challenges its prior attorney's fees is telling. Its desperate attempt to cast *Bowne of New York City, Inc.* v. *AmBase Corp.*, as somehow relevant is even more revealing. 150 F.R.D. 465, 478 (S.D.N.Y. 1993). The issue in *AmBase* was whether voluntary disclosure in one action effected an "at issue" waiver in a separate action. *Id.* at 478 ("By its agreement to disclosure in the *Robitaille* lawsuit and its actual disclosure to the plaintiffs in that action, AmBase has lost the ability to preclude Bowne and Chemical from inquiry into those matters."). As no similar agreement exists here, *AmBase* is inapposite.